**FILED**

**MAY 0 1 2001**

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____ DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>Plaintiff,<br><br>v.<br><br><br>ADAMS EXTRACT COMPANY,<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

Civil Action No. **A 01 CA 262 JN**

**C O M P L A I N T**
**JURY TRIAL DEMAND**

## NATURE OF ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of

the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, female,

and retaliation. This action is also being brought to provide appropriate relief to Tiffany Mulder and

other similarly situated females, who were adversely affected by such practices. The Commission

alleges that Tiffany Mulder and other similarly situated females were subjected to sexual harassment

on the basis of their sex, female, in violation of Section 703(a) of Title VII. The Commission further

alleges that at least one similarly situated female was constructively discharged as a result of the

harassment. The Commission also alleges that at least one similarly situated female was discharged

in violation of Section 704(a) of Title VII in retaliation for reporting the sexual harassment.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343

and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII

of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII") and

Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

*1*

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Western District of Texas, Austin Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant, Adams Extract Company, ("Adams Extract"), has continuously been a Texas corporation doing business in the State of Texas and the City of Austin, and has continuously had at least fifteen employees.

5.      At all relevant times, Defendant Adams Extract has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Tiffany Mulder filed a charge with the Commission alleging violations of Title VII by Defendant Adams Extract. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least 1999, Defendant Adams Extract has engaged in unlawful employment practices at its Austin, Texas, facility, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by subjecting Tiffany Mulder and other similarly situated females to a hostile work environment of sexual harassment.

8. Since at least 1999, Defendant Adams Extract engaged in unlawful employment practices at its Austin, Texas facility, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) by discharging a similarly situated female for reporting the sexual harassment.

9. Since at least 1999, Defendant Adams Extract engaged in unlawful employment practices at its Austin, Texas facility, in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-3(a) by constructively discharging a similarly situated female whose conditions of employment became so intolerable due to the sexual harassment she was forced to resign.

10. The effect of the practices complained of in paragraphs seven, eight and nine above has been to deprive Tiffany Mulder and other similarly situated females of equal employment opportunities and otherwise adversely affect their status as employees because of their sex, female and because the sexual harassment was reported.

11. The unlawful employment practices complained of in paragraphs seven, eight and nine above were and are intentional.

12. The unlawful employment practices complained of in paragraphs seven, eight and nine above were and are done with malice or with reckless indifference to the federally protected rights of Tiffany Mulder and other similarly situated females.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Adams Extract, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in retaliation, retaliatory discharge, constructive discharge, sexual harassment or any employment practice which discriminates on the basis of sex, female.

3

B.      Order Defendant Adams Extract to institute and carry out policies, practices, and programs which provide equal employment opportunities and a non-hostile work environment for females and individuals who participate in protected activity, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order the Employer to make whole Tiffany Mulder by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph seven above, including but not limited to medical expenses and job search expenses, in amounts to be determined at trial.

D.      Order the Employer to make whole Tiffany Mulder by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraph seven above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, depression, humiliation, loss of confidence and self-esteem, in amounts to be determined at trial.

E.      Order the Employer to pay Tiffany Mulder punitive damages for its malicious and/or reckless conduct, in an amount to be determined at trial.

F.      Grant such further relief as the Court deems necessary and proper in the public interest.

G.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

GWENDOLYN YOUNG REAMS
Associate General Counsel


ROBERT B. HARWIN
Regional Attorney
State Bar No. 076083
(District of Columbia)


with permission

LINDA GUTIERREZ
Supervisory Trial Attorney
Texas State Bar No. 08642750


CYNTHIA CANO
Trial Attorney
Texas State Bar No. 00790420

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
San Antonio District Office
5410 Fredericksburg Rd., Ste. 200
San Antonio, TX 78229-3555
Telephone:     (210) 281-7619
Telecopier:    (210) 281-7669

ATTORNEYS FOR PLAINTIFF

5