FILED
MAR 2 8 2002
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY § 
COMMISSION, §
§
    Plaintiff, §
§
v. § Civil Action No. A01CA262JN
§
ADAMS EXTRACT COMPANY, §
§
    Defendant. §

## CONSENT DECREE

The parties to this Consent Decree are the Plaintiff, United States Equal Employment Opportunity Commission ("EEOC"), and Defendant, Adams Extract Company ("Adams Extract"). This Consent Decree resolves the allegations raised by the EEOC in the above-referenced Civil Action No. A01CA262JN. The EEOC initiated this lawsuit under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct alleged unlawful employment practices on the basis of sex, female, and retaliation, and to provide appropriate relief to Tiffany A. Mulder, Beatrice Huddleston, Melanie McClain, and Sherlyn Goff, who the EEOC maintains were adversely affect by these alleged practices. The EEOC alleges that Tiffany Mulder, Beatrice Huddleston, Melanie McClain, and Sherlyn Goff were subject to sexual harassment on the basis of their sex, female, in violation of Section 703(a) of Title VII. The EEOC further alleges that Melanie McClain was constructively discharged as a result of the harassment. The EEOC also alleges that Beatrice Huddleston was discharged in

violation of Section 704(a) of Title VII in retaliation for reporting the sexual harassment.

Adams Extract denies the allegations and asserts that all individuals are treated in a fair and consistent manner without regard to sex.

The EEOC and Adams Extract wish to settle this action without the risks, uncertainties and expenses of continued litigation, under the terms in the Decree.

IT IS ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction of the subject matter of this action and the parties, venue is proper, and all administrative prerequisites to the EEOC's filing of this action have been met. The parties stipulate to the Court's jurisdiction.

2. This Decree resolves those claims against Adams Extract raised in the EEOC's complaint in this case. EEOC expressly reserves its right to process and litigate any charges that may in the future be filed against Adams Extract.

3. This Decree is not an admission by Adams Extract of liability, which has been denied, nor is there any finding of discrimination or liability.

4. The duration of this Decree shall be three years from the date of its filing with the Court. This Court shall retain jurisdiction of this action during the period of this Decree and may enter further orders or modifications as may be necessary to effectuate the terms of this Decree.

5. Adams Extract is enjoined, during the term of this Decree, from discriminating against any employee on the basis of sex, female and from engaging in any other act or practice which has the purpose or effect of unlawfully discriminating against any past, present, or future employee on the basis of sex, including sexual harassment and

constructive discharge based upon sex.

6. Adams Extract shall provide its employees with a place of employment free of discrimination on the basis of sex, or gender, and free of unlawful retaliation under Title VII.

7. In the event that Adams Extract or its agents or assigns violate this Consent Decree, EEOC shall have the right to request the Court to fashion a remedy for such violation. The remedy may, but need not, include tolling the term of the Consent Decree for up to the period of the violation.

8. Adams Extract will provide the following EEO training:

a. Within 180 days of the date of entry of this Decree, Adams Extract shall engage attorneys with the firm of Fulbright & Jaworski L.L.P. to provide EEO training to all owners, officers and managerial, supervisory, and non-supervisory employees at the administrative office at the main headquarters of Adams Extract in Austin, Texas, of not less than three hours. The training shall: (a) explain that sexual harassment is unlawful; (b) instruct what conduct may constitute sexual harassment; (c) explain the damaging effects of sexual harassment on its victims, their families, their co-workers , and the workplace environment; and (d) ensure that supervisors and management personnel know how to enforce the company's anti-harassment policies.

b. During the term of this Consent Decree, Adams Extract will provide similar training consisting of not less than two hours for all officers and all owners, managerial, supervisory and non-supervisory employees in the administrative office at the main headquarters of the Company in Austin, Texas, during each of the

second and third years of this Decree.

c. Within 20 days prior to the date scheduled for this training, Adams Extract will furnish to the EEOC a written report describing the EEO training, identifying the instructor and describing the instructor's qualifications to conduct such training, along with copies of all training materials, and the EEOC shall have the right to approve of such training and the instructors. Within 20 days after the EEO training has been completed, Adams Extract will provide to the EEOC a written report identifying each individual who attended this training and the date(s) and time of attendance. This training shall be in person and not via the Internet.

9. Adams Extract agrees to post a notice, for at least the duration of this Decree, of its intent to comply with Title VII. This notice is set forth in Exhibit "A," which is attached to this Decree. Adams Extract agrees to post a copy of Exhibit "A" in a conspicuous place at its facilities in Austin, Texas, within ten days after this Decree is approved by the Court and delivered to counsel for the Company.

10. Adams Extract will initiate the following reporting procedures:

a. For the duration of this Consent Decree, Adams Extract agrees to maintain and make available for inspection and copying, by EEOC, non-privileged records (including name, gender, social security number, address and telephone number) of each person who complains, either formally or informally, of sex discrimination and or retaliation. The report of any investigation will not be considered privileged, though legal advice based on the report shall be.

b. Adams Extract will make all documents or records referenced in

Paragraph 10(a) available for inspection and copying within five (5) business days after EEOC so requests. In addition, Adams Extract will make available any such complainants and identified witnesses to any such complaint whom EEOC requests to interview in order to verify compliance with this Consent Decree and shall permit a representative of EEOC to meet with such persons on Adams Extract's premises or a mutually agreeable location for such purposes on five (5) business days advance notice by EEOC.

      c. Nothing contained in this Consent Decree shall be construed to limit any obligation Adams Extract may otherwise have to maintain records under Title VII, the ADEA, or any other law or regulation.

    11. Adams Extract will implement the following "Zero-Tolerance Policy and Equality Objectives."

      a. In addition to the terms concerning the posting required in Paragraph 9 of this Consent Decree, Adams Extract affirms and will implement the following "Statement of Zero-Tolerance Policy and Equality Objectives."

> Adams Extract maintains a zero-tolerance policy concerning sexual harassment and retaliation. Adams Extract responds swiftly and firmly to any acts of sexual harassment and retaliation of which it becomes aware, regardless of the position held by the alleged harasser within Adams Extract. Adams Extract maintains a disciplinary system that is designed to strongly deter acts of sexual harassment and retaliation and to encourage the reporting of acts of sexual harassment. Any supervisory or managerial employee who allows an act of sexual harassment to be unaddressed will be subject to disciplinary action.

      b. Adams Extract shall notify all of its current employees of this policy within 10 days after the entry of this Consent Decree by providing a copy of this statement

to all of its current employees.

   c. During the term of this Consent Decree, Adams Extract shall notify all employees hired after the entry of this Consent Decree of this policy by providing this Zero Tolerance Policy to each new employee.

 12. Adams Extract agrees to provide a neutral reference in the form of the dates of employment, position held and last rate of pay in accordance with Adams Extract Policy for Tiffany A. Mulder to anyone inquiring as to her work history with Adams Extract, including prospective employers who may request such a reference. Adams Extract also agrees not to disclose the filing of this Complaint, or the underlying charges filed by Mulder, Huddleston, McClain and Goff, to any prospective employers who may inquire to Adams Extract about their work history with Adams Extract. This provision shall survive the expiration of the Decree.

 13. Adams Extract, in settlement of this dispute, shall pay to Tiffany A. Mulder the sum of Thirty-two Thousand Dollars ($32,000). This shall be accomplished as follows: Three Thousand Dollars ($3,000) shall be paid when this Decree is approved, nine semiannual payments of Three Thousand Dollars ($3,000), and six months thereafter a single final payment of Two Thousand Dollars ($2,000). Payment shall be mailed directly to Tiffany A. Mulder at P.O. Box 146, Wimberly, Texas 78676. The payment shall be made within 14 days after this Decree has been entered by the Court. A copy of the settlement checks and any accompanying transmittal documents shall be forwarded to Robert B. Harwin, Regional Attorney, San Antonio District Office, United States Equal Employment Opportunity Commission, 5410 Fredericksburg Road, Suite 200, San

Antonio, Texas 78229.

14. The terms of this Decree shall be binding upon the EEOC and Adams Extract, their agents, officers, employees, servants, successors, and assigns, as to the issues resolved here.

15. The parties to this Decree shall bear their own costs and attorney's fees incurred in this action. The parties agree that pursuant to Section 706(k) of Title VII, 42 U.S.C., § 2000e-5(k), there is no "prevailing party" on this action or proceeding.

SO ORDERED AND ENTERED 28th day of MARCH, 2003.

_____
HON. JAMES R. NOWLIN
UNITED STATES DISTRICT JUDGE

Dated: March 18, 2002

*[signature]*
BRIAN S. GREIG
State Bar No. 08439800
THOMAS NESBITT
State Bar No. 24007738

FULBRIGHT & JAWORSKI, L.L.P.
600 Congress Ave., Suite 2400
Austin, Texas 78701
Tel: (512)474-5201
Fax: (512)536-4598

**ATTORNEYS FOR DEFENDANT
ADAMS EXTRACT**

Respectfully submitted,

GWENDOLYN YOUNG REAMS
Acting Deputy General Counsel

*[signature]*
ROBERT B. HARWIN
Regional Attorney
D.C. State Bar No. 0760873

*[signature]* /s/ *with permission*
LINDA GUTIERREZ
Supervisory Trial Attorney
Texas State Bar No. 08642750

*[signature]*
CYNTHIA M. CANO
Trial Attorney
Texas State Bar No. 00790420

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
San Antonio District Office
5410 Fredericksburg Rd., Ste. 200
San Antonio, TX 78229-3555
(210) 281-7673
(210) 281-7669 FAX

**ATTORNEYS FOR PLAINTIFF
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**

# NOTICE TO ALL EMPLOYEES

ADAMS EXTRACT COMPANY SUPPORTS FEDERAL LAW REQUIRING THERE BE NO DISCRIMINATION AGAINST ANY APPLICANT OR EMPLOYEE BECAUSE OF HIS OR HER RACE, COLOR, SEX, NATIONAL ORIGIN, RELIGION, AGE OR DISABILITY AND REAFFIRMS ITS COMMITMENT NOT TO DISCRIMINATE AGAINST ANY APPLICANT OR EMPLOYEE ON ANY TERM OR CONDITION OF EMPLOYMENT, NOR TO ALLOW HARASSMENT OF ANY EMPLOYEE BECAUSE OF HIS OR HER SEX.

ADAMS EXTRACT COMPANY WILL NOT DISCRIMINATE AGAINST ANY EMPLOYEE FOR OPPOSING EMPLOYMENT DISCRIMINATION OR FOR FILING OR PARTICIPATING IN A CHARGE OF EMPLOYMENT DISCRIMINATION.

IF YOU BELIEVE YOU ARE BEING DISCRIMINATED AGAINST IN ANY TERM OR CONDITION OF YOUR EMPLOYMENT BECAUSE OF YOUR RACE, RELIGION, COLOR, NATIONAL ORIGIN, SEX, AGE, OR DISABILITY, OR THAT YOU ARE BEING SUBJECT TO HARASSMENT OR THAT YOU ARE BEING RETALIATED AGAINST FOR HAVING ENGAGED IN TITLE VII-PROTECTED ACTIVITY, YOU MUST REPORT THE DISCRIMINATION OR HARASSMENT. YOU SHOULD MAKE THE REPORT TO YOUR DIRECT SUPERVISOR. HOWEVER, ADAMS EXTRACT UNDERSTANDS THAT IT WILL SOMETIMES BE INAPPROPRIATE TO MAKE A REPORT TO YOUR DIRECT SUPERVISOR. FOR EXAMPLE, THE REPORT MAY RELATE TO YOUR DIRECT SUPERVISOR OR SOMEONE WHO IS PERSONAL FRIENDS WITH YOUR DIRECT SUPERVISOR. UNDER THESE OR SIMILAR CIRCUMSTANCES, IF IT WOULD BE INAPPROPRIATE TO MAKE SUCH A REPORT TO YOUR DIRECT SUPERVISOR, YOU MUST REPORT THE DISCRIMINATION, RETALIATION OR HARASSMENT TO THE HUMAN RESOURCES MANAGER. IF IT WOULD BE INAPPROPRIATE TO MAKE SUCH A REPORT TO THE HUMAN RESOURCES MANAGER, YOU MUST MAKE A REPORT TO ANOTHER SUPERVISOR OR MANAGER FOR ADAMS EXTRACT. IF IT WOULD BE INAPPROPRIATE TO MAKE A REPORT TO ANY OF THE INDIVIDUALS DESIGNATED ABOVE, YOU MAY MAKE A REPORT TO THE LAW OFFICE OF GAUL AND DUMONT AT 105 SOUTH ST. MARY'S, SUITE 950, SAN ANTONIO, TEXAS 78205, TELEPHONE 210-225-0685. THIS FIRM IS AN OUTSIDE CONSULTANT WHOSE JOB IS TO ENFORCE ADAMS EXTRACT'S POLICY OF NON-DISCRIMINATION. COMPLAINTS MAY BE MADE IN WRITING OR BY TELEPHONE.

COMPANY POLICY REQUIRES THAT YOU REPORT ANY DISCRIMINATION, HARASSMENT OR RETALIATION TO ADAMS EXTRACT. YOU MAY ALSO MAKE A REPORT TO THE UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, 5410 FREDERICKSBURG ROAD, SUITE 200, SAN ANTONIO, TEXAS 78229-3550, (210) 281-7600 OR (800) 669-4000.

NO RETALIATORY ACTION MAY BE TAKEN AGAINST YOU FOR SEEKING ASSISTANCE, FILING A CHARGE, OR COMMUNICATING WITH THE UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION.

EEOC ENFORCES TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, WHICH PROHIBITS EMPLOYMENT DISCRIMINATION BASED ON RACE, COLOR, RELIGION, SEX OR NATIONAL ORIGIN; THE AGE DISCRIMINATION IN EMPLOYMENT ACT; THE EQUAL PAY ACT; PROHIBITIONS AGAINST DISCRIMINATION AFFECTING INDIVIDUALS WITH DISABILITIES; SECTIONS OF THE CIVIL RIGHTS ACT OF 1991, AND TITLE I OF THE AMERICANS WITH DISABILITIES ACT, WHICH PROHIBITS DISCRIMINATION AGAINST PEOPLE WITH DISABILITIES IN THE PRIVATE SECTION AND STATE AND LOCAL GOVERNMENTS.

EXHIBIT A